UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS ROBINSON,

|  |  |  |
|---|---|---|
| | Plaintiff, | Civil Action No.<br>9:21-CV-1322 |
| v. | | (DNH/CFH) |

DAVID HARDER, DR. HUSAIN,
DAVID STATAN, ADAM VALLS,
DR. MURSA, MORGAN SCHUTE,
and MARK SOLINSKI,

                          Defendants.

APPEARANCES:                          OF COUNSEL:

NICHOLAS ROBINSON
22-B-0369
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

DAVID N. HURD
United States District Judge

### DECISION AND ORDER

## I. INTRODUCTION

On December 10, 2021, *pro se* plaintiff Nicholas Robinson ("Robinson" or "plaintiff"),

an inmate currently in the custody of the New York State Department of Corrections and

Community Supervision, commenced this action by filing a complaint.  Dkt. No. 1.

On February 18, 2022, the Court granted Robinson's application to proceed in forma

pauperis ("IFP") but conditionally dismissed the complaint for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28

U.S.C. § 1915A ("Section 1915A").  *See* Dkt. No. 7 ("February Order").  As the February

Order explained, the conditional nature of the dismissal gave plaintiff an opportunity to file an

amended complaint that corrected the complaint's pleading defects.

Plaintiff availed himself of the opportunity amend, and the Court received an amended

complaint on June 2, 2022.  Dkt. No. 15.  The Clerk has now forwarded the amended

complaint to the Court for review pursuant to Sections 1915 and 1915A.

## II. DISCUSSION

### A. Governing Legal Standard

The legal standard governing the review of a pleading pursuant to Sections 1915 and

1915A was discussed at length in the February Order and will not be restated in this Decision

and Order.  *See* February Order at 3-4.

### B. Summary of the Amended Complaint

At all times relevant to the claims in this action, Robinson was confined in the Broome

County Jail, which is operated by the Broome County Sheriff's Department.  Am. Compl. at 4.

Plaintiff was a pretrial detainee in Broome County Jail between June 6, 2020, and February

10, 2022.  *Id.*  According to plaintiff, he "suffers from various mental and emotional

disorders."  *Id.*  The following facts are as alleged in the amended complaint.

Robinson repeatedly requested mental health treatment from defendant Morgan

Schute, a mental health nurse administrator at Broome County Jail.  Am. Compl. at 4.

Defendant Schute responded by "evaluat[ing]" plaintiff "on several occasions" and then

referred plaintiff to defendant Doctor Mursa.  *Id.*  Plaintiff explained to defendant Mursa his

symptoms, including his belief that "he was suffering from mental health issues that effected

[sic] his behavior and relational activities to such an extent that it was causing his [sic] to get

into trouble with the staff of the Jail and suffer punishment." *Id.* at 5.  Defendant Mursa told

plaintiff that the only treatment offered at Broome County Jail for the mental and emotional

health issues plaintiff described is medication and that "counseling services were not

provided." *Id.*  After determining that plaintiff did not need medication, defendant Mursa

discharged plaintiff.  *Id.*

Thereafter, Robinson's mental health issues increased in intensity, which increased

his behavioral problems and resulted in frequent "locked cell confinement (Administrative

confinement) at a Corrections Officers [sic] discretion."  Compl. at 6.  Plaintiff alleges that the

"locked cell confinements constituted a punishment" for his mental health issues and "were

not subject to any form of supervisory administrative authorization or review." *Id.*  On

"[s]everal occasions," plaintiff was "placed in lock cell confinement with unclassified reception

inmates whom had not been cleared for COVID-19 quarantine." *Id.*  Although plaintiff filed

grievances about his locked-cell confinement, defendant Broome County Deputy Sheriff

Adam Valls "refused to entertain any [of them]." *Id.*

During his confinement in Broome County Jail, Robinson was provided with used

clothing that was "stained" with bodily fluids.  Compl. at 6.  He was also provided with stained

bed sheets, a cot that was too small,[1] and a "thin 'yoga' mat to serve as a mattress." *Id.* at 7.

Plaintiff was denied access to an electric razor and shaving powder, which he requires to

shave. *Id.*  Plaintiff filed grievances concerning these issues, and while defendant Valls and

---

[1] Plaintiff alleges that, "[a]t the time of [his] intake into custody. . .[, he] stood 6'-6" tall and weighed
approximately 300 Lbs."  Compl. at 4-5.

defendant Broome County Sheriff David Harder[2] "acknowledged" the complaints, "no

remedial action was taken."  *Id.*

Between July and October 2020, Robinson mailed letters to family, who reported that

some of them "were received unsealed and appeared to have been opened."  Compl. at 7.

After an investigation, "Jail administration determined that the search of Plaintiff's mail was

being wrongfully conducted" by defendant Valls and defendant Broome County Deputy

Sheriff David Statan.  *Id.* at 8.

Liberally construed, the amended complaint asserts First, Fourth, and Fourteenth

Amendment claims against the defendants.[3]  Am. Compl. at 8-9.  For a complete statement

of plaintiff's claims, reference is made to the amended complaint.

## C.  Analysis

### 1.  Defendants Husain and Solinski

Defendant Doctor Husain and defendant Broome County Deputy Sheriff Mark Solinski

are listed in the caption of the amended complaint, but they are not mentioned anywhere in

the narrative of the pleading.  *See* Compl. at 1-2.

"Dismissal is appropriate where a defendant is listed in the caption, but the body of the

complaint fails to indicate what the defendant did to the plaintiff."  *Cipriani v. Buffardi*, No. 06-

---

[2]  The amended complaint identifies one of the defendants only as the "Broome County Sheriff."  Am. Compl. at 1.  The Court takes judicial notice that David Harder is the current Sheriff for Broome County.  Broome County New York, https://www.gobroomecounty.com/sheriff (last visited July 20, 2022).  Accordingly, the Clerk is respectfully directed to add David Harder's name to the docket.

[3]  Like plaintiff's original complaint, plaintiff invokes the Eighth Amendment as a source of his causes of action in this case.  *See* Am. Compl. at 8.  Plaintiff's status as a pretrial detainee at the time the events giving rise to this action occurred, however, render the Eighth Amendment inapplicable.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  The amended complaint also lists the Sixth Amendment as a basis for his claims.  Am. Compl. at 8.  The Sixth Amendment, however, establishes, inter alia, a person's right to a jury trial and the assistance of counsel in a criminal prosecution.  U.S. Const. amend. 6.  Mindful of the obligation to "interpret [a pro se litigant's] complaint to raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted), the Court has construed the allegations set forth in the amended complaint as asserting claims under the First, Fourth, and Fourteenth Amendments only.

CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of N.Y.*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998)); *see also Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *2 (S.D.N.Y. Mar. 16, 1998) (dismissing claims asserted against the defendant-superintendent because the complaint "mention[ed] him] only in the caption, and fail[ed] to allege any act or omission by [him]").

Because the amended complaint fails to allege the personal involvement of defendants Husain and Solinski in any alleged constitutional violation, any claims asserted against those individuals are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

## 2. Defendant Schute

The amended complaint alleges that plaintiff directed requests for mental health treatment to defendant Schute and that he was "evaluated by [defendant] Schute on several occasions during his stay at Broome County Jail, and was finally referred to an interview with Defendant, Dr. Mursa[.]"  Compl. at 5.  There are no other allegations in the amended complaint that involve defendant Schute.

With due respect for plaintiff's pro se status, these allegations do not give rise to a cognizable constitutional claim against defendant Schute.  The amended complaint alleges only that defendant Schute fielded plaintiff's requests for treatment and referred him to defendant Mursa.  Without more, the amended pleading fails to plausibly allege that defendant Schute violated any of plaintiff's constitutional rights.  Accordingly, any claims asserted against defendant Schute are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

5

### 3. **Fourteenth Amendment Claims Against Defendants Mursa, Valls, and Harder**

The amended complaint alleges that defendant Mursa did not provide plaintiff with adequate mental health care during his confinement at Broome County Jail, resulting in administrative confinement when plaintiff's mental health issues "became increasingly worse." Am. Compl. at 5-6. The amended complaint also alleges that defendants Valls and Harder ignored plaintiff's complaints about his stained clothing and bedding and about his undersized and improperly furnished bed. *Id.* at 6-7. Plaintiff further alleges that he was confined "several times" with "unclassified reception inmates," potentially exposing him to Covid-19," and that he was not provided with the right tools or products to shave his beard. *Id.* at 7. Because of plaintiff's status as a pretrial detainee while in Broome County Jail, the Court has construed the foregoing allegations to assert claims under the Fourteenth Amendment.

Generally, to prevail on these claims, a plaintiff must "satisfy two prongs . . ., an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a 'subjective prong[,]'. . . showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29.

With respect to the first element of the claim, the conditions of which the plaintiff complains must, "either alone or in combination, pose an unreasonable risk of serious damage to health, which includes the risk of serious damage to 'physical and mental soundness[.]'" *Id.* at 30 (quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). In particular, courts look at the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id.* (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)).

With respect to the second prong of a conditions of confinement claim, whether a defendant acted with "deliberate indifference" is an objective inquiry. *Id.* Specifically, a court asks whether the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the [plaintiff] even though the defendant[] knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.*

Turning first to Robinson's claims arising from alleged exposure to Covid-19 and not being provided his preferred shaving tools, the complaint does not allege that any of the named defendants were responsible for housing him with reception inmates or denied him an electric razor or shaving powder.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official

defendant, [including supervisors,] through the official's own individual actions, has violated

the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676).

Because the amended complaint fails to allege that any of the defendants were

personally involved in potentially exposing plaintiff to Covid-19 and failing to provide

adequate shaving tools to plaintiff, those claims are subject to dismissal for failure to state a

claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and

1915A(b)(1).

As for plaintiff's remaining conditions of confinement claims specifically asserted

against defendant Mursa (for providing allegedly inadequate medical care related to plaintiff's

mental health condition) and defendants Valls and Harder (for allegedly failing to remedy

unhygienic living conditions and an inadequately furnished bed), mindful of the obligation to

liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*,

537 F.3d 185, 191 (2d Cir. 2008), the Court will require those defendants to respond to

plaintiff's claims.  In so ruling, the Court expresses no opinion as to whether any of the claims

can withstand a properly filed dispositive motion.

### 4. <u>First and Fourth Amendment Claims Against Defendants Valls and Statan</u>

The amended complaint alleges that defendants Valls and Statan "wrongfully" opened

his non-legal mail addressed to family between July and October 2020.  Compl. at 7-8.

The interception of a prisoner's mail has been analyzed under both the First and

Fourth Amendments.  *See United States v. Felipe*, 148 F.3d 101, 108 (2d Cir. 1998).  The

First Amendment protects a prisoner's right to the free flow of incoming and outgoing mail,

with greater protection being afforded to outgoing mail.  *See Davis v. Goord*, 320 F.3d 346,

351 (2d Cir. 2003).

The Fourth Amendment establishes that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures[ ] shall not be violated."  U.S. Const. amend. IV.  "[A] prisoner's constitutional rights[, however,] are limited by the legitimate penological needs of the prison system."  *Felipe*, 148 F.3d at 107.  "The investigation and prevention of ongoing illegal inmate activity[, for example,] constitute legitimate penological objectives."  *United States v. Workman*, 80 F.3d 688, 699 (2d Cir. 1996).  Non-legal, outgoing mail may be opened and read by prison officials with "good cause."  *Minigan v. Irvin*, 977 F. Supp. 607, 609 (W.D.N.Y. 1997) (internal quotation marks omitted).

Mindful of the obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, the Court will require defendants Valls and Statan to respond to plaintiff's claims related to allegations that they "wrongfully" opened his outgoing mail addressed to family.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 5. <u>Grievance Claims Asserted Against Defendant Valls</u>

The amended complaint purports to assert a claim against defendant Valls based on allegations that he "refused to entertain [plaintiff's] grievances."  Compl. at 6.

Although prisoners undoubtedly retain a First Amendment right to meaningfully access the courts and petition the government for redress, *see, e.g., Bounds v. Smith*, 430 U.S. 817, 824 (1977), the Constitution does not mandate that prisoners be provided access to a grievance procedure during their incarceration.  *See Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (dismissing the amended complaint where the plaintiff alleged that the defendant "failed to process" his grievance because such allegations do not give rise to a constitutional claim); *see also Justice v. Coughlin,* 941 F. Supp. 1312,

1316 (N.D.N.Y. 1996) ("[M]ere violations of an inmate grievance system do not violate the Constitution.").  Accordingly, plaintiff's claims against defendant Valls stemming from his alleged failure to "entertain" plaintiff's grievances are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

III.  **CONCLUSION**

Therefore, it is

ORDERED that

1.  The Clerk shall add "David Harder" to the docket as the Broome County Sheriff;

2.  Plaintiff's amended complaint (Dkt. No. 15) is **ACCEPTED for filing** in accordance with this Decision and Order only with respect to (1) plaintiff's Fourteenth Amendment claims asserted against defendants Mursa, Valls, and Harder arising from allegations that defendant Mursa failed to provide adequate medical care to plaintiff concerning plaintiff's mental health condition and defendants Valls and Harder ignored plaintiff's unhygienic and inadequate conditions of confinement; and (2) plaintiff's First and Fourth Amendment claims asserted against defendants Valls and Statan related to allegations that they "wrongfully" opened plaintiff's outgoing non-legal mail;

3.  The remaining claims asserted in the amended complaint are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1);

4.  The Clerk shall issue summonses and forward them, along with a copy of the amended complaint, to the United States Marshal Service for service of process on defendants Mursa, Valls, Harder, and Statan;

5.  The Clerk shall also mail a copy of the summonses, amended complaint, and a copy of this Decision and Order to the Broome County Attorney;

6.  Defendants Mursa, Valls, Harder, and Statan shall respond to the amended complaint as provided for in the Federal Rules of Civil Procedure;

7.  The Clerk shall **TERMINATE** from the docket defendants Husain, Solinski, and Schute;

8.  All pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

9.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action;

10.  All parties must comply with Rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions;

11.  Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court;

12.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and

13.  The Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

IT IS SO ORDERED.

Dated:  July 22, 2022
         Utica, New York.

David N. Hurd
U.S. District Judge